**DECONCINI MCDONALD YETWIN & LACY, P.C.**
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020
Ph: (602) 282-0500
Fax: (602) 282-0520
Jared G. Parker #006428
jparker@dmylphx.com
Jeannette L. Bickner #009409
jbickner@dmylphx.com
Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>PUSHPA LATA PATEL,<br>Debtor. | Chapter 11<br>No. 4:10-bk-29008-JMM<br>**NOTICE OF NON-MATERIAL AND UNCONTESTED CHANGES TO CHAPTER 11 PLAN** |

NOTICE is hereby given that the following non-material and uncontested changes have been made to the Debtor's Chapter 11 Plan of Reorganization, as previously amended and that said changes do not adversely impact other creditors of the estate:

A. With regard to Class 3(f) and Class 3(g), the Plan provides that the collateral of US Bank and Bank of America, real property in Palm Springs California, having been abandoned, would be sold at short sale. Since that time, Debtor has requested and the Court has granted reversal of the abandonment. Said real property shall be sold pursuant to this Plan as a short sale, subject to Debtor obtaining the approval of the two secured creditors to the terms thereof.

B. Notwithstanding the terms of the Plan, the administrative claim of Super 8/Wyndham be treated as follows:

Class 1: Creditors Holding Administrative Claims

Super 8/Wyndham – Debtor has agreed to an allowed administrative claim of $10,000.00 and to pay Super 8/Wyndham that amount within 1 year of the Effective Date of the Plan.

C. Notwithstanding the terms of the Plan, the City of Apache Junction shall be treated as follows:

Class 2: City of Apache Junction: Subject to final City approval, Debtor has agreed to pay the City of Apache Junction the amount of $42,000.00 for unpaid sales/privilege taxes to be paid only in the months of December through April beginning in December 2011 and ending April 2015, with interest accruing at 4%. The interest and penalties in the amount of $8,870.58 will be treated as general unsecured claims.

D. Notwithstanding the terms of the Plan, Pacifica L 32 LLC ("Pacifica", f/k/a Triumph Savings Bank, f/k/a Equity Bank) shall be treated as follows:

Class 3(a): Pacifica L 32 LLC ("Pacifica", successor to Triumph Savings Bank, f/k/a Equity Bank) paragraphs 1 through 15 are deleted in their entirety and replaced with the follows:

1. As of May 10, 2011, the outstanding principal balance for the Pacifica L 32 LLC ("Pacifica", successor to Triumph Savings Bank, f/k/a Equity Bank) loan is $2,038,638.26. As of May 10, 2011, the unpaid accrued interest (at a non-default rate of interest) is $112,060.53 (as they have accrued and shall continue to accrue, the "Accruals"). Accruals, attorney's fees, costs, and late charges shall be capitalized as of the Confirmation Date. For two years following the Confirmation Date, the monthly principal and interest payment to Pacifica shall be capped at $11,000. All amounts that accrue above the $11,000 cap shall also be capitalized as of the Confirmation Date.

2. Pacifica and Debtor shall modify the Loan Documents between Pacifica and Manilal Investments, Inc., to conform to the Plan and to assign all of Manilal Investments, Inc.'s, rights and duties thereunder to Debtor (the "Loan Documents").

3. Stay Relief shall be granted to Pacifica effective as of the Confirmation Date, and no further leave of Court shall be required for Pacifica to foreclose on the Property. Pacifica shall forbear so long as Debtor complies with her Plan obligations. In the event Pacifica asserts that Debtor has defaulted as to her Plan obligations, it shall give her written notice of same and 5 days to cure (in the case of monetary default) and 10 days to cure (in the case of non-monetary default) before taking any action against her, including conducting a trustee's sale, which Pacifica shall in its discretion continue from time to time during the forbearance period. The time shall run from the date of mailing. Contemporaneously with the mailing, Pacifica shall email the default notice to counsel for the Debtor at the following address: JParker@dmylphx.com.

4. Debtor shall pay all amounts due for real estate taxes and insurance to Pacifica, which shall impound the funds and make payments as required for real estate taxes and insurance from and after the Petition Date. This shall begin immediately (and prior to the disclosure statement hearing), and Debtor shall also immediately deliver to Pacifica all sums set aside for the payment of taxes and interest from the beginning of the Case. In the alternative, Debtor shall provide proof of post-petition payments made to Pinal County or the insurance company. Debtor shall further be obligated to fund the escrow in full from and after the Petition Date, and "top the escrow" off to the extent Debtor has not reserved for months, such as September 2010.

5. Debtor shall inform the Pinal County Treasurer that tax payments

made by Pacifica shall satisfy post-petition tax obligations of Debtor.

6. Debtor shall investigate and advise Pacifica of the status of all pending and potential tax sales with respect to the Property, and ensure through Order of the Court that Debtor's compliance with the repayment plan set forth in the Plan with respect to delinquent real estate taxes shall operate as a stay of any tax foreclosure of the Property.

7. Debtor shall maintain separate accounts with respect to the Property and shall not commingle funds in those accounts with any personal accounts she may maintain.

8. Debtor shall not make any payments of personal expenses (other than the health insurance she receives as an employee) using revenues from the Property, or using any account related to the Property. All payments to Debtor must be designated as "Owner Withdrawals" in financial reporting to Pacifica, and must conform to the formula set forth herein.

9. No later than the 10th of the month, Debtor shall provide proof of payment of its $6,809 Plan payment (the "Back Taxes Payment") of the Property's real estate tax deficiency (the "Back Taxes") to Pacifica (a PDF of a copy of the check is sufficient). Further by last day of the month, Debtor must provide evidence that the payment actually cleared Debtor's accounts (a PDF copy of Debtor's online bank statement is sufficient).

10. By no later than the 20th of every month, Debtor shall provide to Pacifica financial statements with respect to the operation of the Property for the previous month, which will include a comparison of budget to actual based on the final projections appended to the Plan. The financial statements shall also substantially conform to the form financial statement previously provided by Triumph Savings Bank to Debtor.

11. Within 30 days after the Confirmation Date, Debtor shall cause Manilal Investments, Inc., to be administratively dissolved.

12. Debtor may receive the management fee provided in the Plan, along with the salary for General Manager as provided in the Plan, at the rates set forth therein, and shall not otherwise receive salary or income from the Property except as in the form of owner distributions of equity on the terms set forth herein. Debtor shall not increase any salary she derives from the general manager position absent notice to Pacifica and after full repayment of the Back Taxes. Debtor shall notify Pacifica of any other payments to insiders (as that term is defined under the Bankruptcy Code) made by Debtor.

13. To the extent there is net operating income after the payment of debt service and all other payments due under the Plan, and Debtor believes that sufficient cash has been set aside to fund operating and Plan expenses for future months, Debtor may make an equity distribution to herself so long as for every $1 in equity distribution she makes to herself she makes $1 of additional payment of the Back Taxes, which advance payment shall not advance Debtor's next Back Tax Payment due date, until the Back Taxes are paid in full. Thereafter, Debtor may make equity distributions so long as for every $1 in equity distribution she makes to herself she makes $1 of additional payment to pay down the sums capitalized as of the Confirmation Date, which advance payment shall not advance Debtor's next monthly principal & interest payment.

DATED this 10th day of May, 2011.

DECONCINI MCDONALD YETWIN & LACY, P.C.

By: /s/ Jared G. Parker
    Jared G. Parker
    Attorneys for Debtor